ARTHUR BOYD, Assignee in Insolvency,

*vs.*

GEORGE W. PARTRIDGE, and another.

Waldo.    Opinion December 15, 1900.

*Insolvency. Preference. Equity. R. S., c. 27, § 56; c. 70, § 33.*

A mortgage given by a debtor to secure a debt to a prior existing creditor, which has not been recorded at least three months prior to commencement of insolvency proceedings, is dissolved by R. S., c. 70, § 33, notwithstanding it has passed into the hands of a bona fide purchaser.

The assignee in insolvency may in equity compel the bona fide assignee of such a mortgage to cancel and discharge it.

IN EQUITY.    ON APPEAL.

This was a bill in equity brought to procure the cancellation and discharge of a mortgage of real estate. The case was heard below on bill, answer and proofs, where it was sustained and a decree made sustaining the bill. The defendants appealed to this court.

The facts are stated in the opinion.

*R. F. and J. R. Dunton*, for plaintiff.

A transfer of notes does not assign the mortgage given to secure them. R. S., c. 70, 33; *Dwinel* v. *Perley*, 32 Maine, 197; *Warren* v. *Homestead*, 33 Maine, 256; *Stone* v. *Locke*, 46 Maine, 445.

When the security for a note is void under the act, an indorsee for value obtains no better right than the payee if the security is not of a negotiable character. The security passes with the note only as an incident, and is subject to the same defense in the hands of the indorsee as it would have been in the hands of the payee. *In re Kansas City Manfg. Co.*, 9 N. B. R. 76.

The purpose of the insolvent law is to break up attachments and other liens, and to secure an equal distribution of the debtor's property among his creditors. *Wright* v. *Huntress*, 77 Maine, 179; *Owen* v. *Roberts*, 81 Maine, 439.

*O. F. Fellows*, for defendants.

Partridge holds the mortgage in trust, for the benefit of Black who is the holder of two notes secured by it.

It is settled by the clear weight of authority that when a mortgage, given at the same time with the execution of a negotiable note and to secure payment of it, is subsequently, but before the maturity of the note, transferred bona fide for value with the note, the holder of the note, when obliged to resort to the mortgage, is unaffected by any equities arising between the mortgagor and mortgagee subsequently to the transfer, and of which he, the assignee, had no notice at the time it was made. 15 Am. & Eng. Ency. of Law, pp. 855, 856. Citations: Jones, Mortg. (4th Ed.) 834.

The rule of equity is that where there is a purchase of real or personal estate from the legal owner, to which a third party has an equitable title, and the purchase is made in the usual course of busi-

ness, without notice of the equitable title, for a valuable compensation paid therefor, or if the purchaser incurs any new responsibilities upon the credit thereof, he is to be considered a bona fide purchaser, against whom the owner. in equity can have no relief. But if no consideration is paid, and the property be assigned and received in payment of or as security for a pre-existing debt, the assignee must take it subject to all the equity to which the assignor was subject. *Clark* v. *Flint,* 22 Pick. p. 243, citing *Root* v. *French* 13 Wend. 571; *Buffington* v. *Gerrish,* 15 Mass. 156.

It is a well established principle, that a deed fraudulent in is creation may become valid by matter ex post facto; as where a deed is made to defeat creditors, and the fraudulent grantee conveys to a bona fide purchaser for a valuable consideration and without notice of the fraud, such purchaser shall hold against the claims of the creditors of the first grantor. *Glidden* v. *Hunt,* 24 Pick. p. 225, citing Bac. Abr. Fraud, c. 1, § 134.

The assignee in bankruptcy takes the title to the bankrupt's property, subject to all equities, liens or incumbrances which existed against the property in the hands of the bankrupt, whether created by operation of law or by act of the bankrupt, except such attachments and transfers as the law avoids. *Yeatman* v. *New Orleans Sav. Inst.,* 24 U. S. p. 589.

Notes and mortgage are valid in the hands of one to whom they have been indorsed and assigned without knowledge of the fraud. *Sprague* v. *Graham,* 29 Maine, p. 160; *Pierce* v. *Faunce,* 47 Maine, p. 507.

SITTING: WISWELL, C. J., EMERY,. WHITEHOUSE, SAVAGE, POWERS, JJ.

POWERS, J. On January 6, 1898, one Littlefield gave to the defendant, Partridge, a mortgage of real estate to secure a prior existing debt represented by three notes of $400.00 each payable in one, two and three years respectively from that date. The mortgage was recorded May 2, 1898, and on June 4, 1898, Partridge sold and assigned two of the notes to an innocent purchaser,

Herbert Black, the other defendant.   A petition in insolvency was filed against Littlefield June 8, 1898; he was duly adjudged insolvent and his estate conveyed to his assignee in insolvency, the complainant, who brings this bill praying to have the mortgage discharged and cancelled.   The defendants appeal from the decree of the presiding justice declaring the mortgage null and void and ordering its discharge.

They contend that, the assignment of the notes being in equity an assignment pro tanto of the mortgage, Black, the bona fide assignee, had a right to rely upon the record and should be protected against unknown and latent defects in the title.   *Pierce* v. *Faunce*, 47 Maine, 507.   This is true were it not for R. S., c. 70, § 33, which provides that in insolvency proceedings the assignment from the judge to the assignee "shall relate back to the commencement of proceedings in insolvency and vest the title to all the property and estate of the debtor, not exempt from attachment and seizure on execution in the assignee, although the same is then attached on mesne process as the property of the debtor, or is claimed under a mortgage given by the debtor to secure a debt to a prior existing creditor, which has not been recorded at least three months prior to commencement of insolvency proceedings, and such assignment dissolves any such attachment made within four months, and any such mortgage which has not been recorded at least three months preceding the commencement of such proceedings."   The question here is not as to the rights of the defendant Black if no such statute existed, but whether by its terms and intent this statute applies to such a mortgage in the hands of a bona fide assignee.

The main purpose of the insolvent law was to secure to all the creditors of the insolvent an equal participation in the distribution of his estate, not only against zealous creditors who might seek to enforce their claims by attachment, but also against those whom the insolvent might seek to prefer by giving security for their debts. " Among creditors equality is equity."   Yet the law rewards the vigilant.   There should be some period of time beyond which other creditors could not safely sleep upon their rights.   The statute has

fixed this at four months in the case of attachments and three months after record, which is notice to other creditors, in the case of mortgages given to secure prior existing debts. Its words are clear and comprehensive. It contains no exception. Nothing is said about the mortgagee or the assignee of the mortgagee, but it declares without limitation or qualification that the mortgage given to secure a prior existing debt, and which has not been recorded three months at the time of commencement of insolvency proceedings, shall be dissolved and the title to the property vest in the assignee in insolvency. No plainer terms could be employed, and we believe if the legislature had intended to limit the application of the statute so as to exclude from its operation mortgages assigned to innocent purchasers, it would have said so as in the case of innocent purchasers of notes given for intoxicating liquors. R. S., c. 27, § 56. As we have already said, the genius and purpose of the insolvent law is equality among creditors. It should be so construed as to further the object for which it was enacted. To interpolate into it the exception, contended for by the defendants, would be to defeat its obvious policy and deprive it of all substantial force and effect. There is in regard to such mortgages no other limitation or condition except that of three months record. If this does not embrace mortgages in the hands of a bona fide assignee, then no lapse of time would be necessary. The debtor might at any time mortgage all his assets to one of his creditors, and as soon as he learned that the mortgage had passed into the hands of a bona fide assignee, file his petition in insolvency, and the only title which would vest in his assignee in insolvency would be that to a worthless equity of redemption. Few cases would be found in which the innocent purchaser real or pretended would be wanting. Such a construction would prevent equality among creditors, foster litigation, and promote fraud, and cannot receive the sanction of this court.

The innocent indorsee takes the note knowing that the contract has been entered into by the parties with reference to the existing law, and that the debt may be discharged by proceedings in insolvency. He takes the mortgage which secures the note with equal

knowledge that that contract also has been entered into with reference to the existing law and that the mortgage, if given for a prior existing debt, will be dissolved by insolvency proceedings commenced within three months from the date of its record. We perceive no greater hardship in the one case than the other. The law gives him notice, that if he sees fit to purchase mortgages which have not been recorded three months, he must ascertain at his peril the consideration upon which they were given.

*Decree below affirmed with costs.*

*Execution to issue therefor.*